```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

**MICHAEL K. MATTOX, SR.,**         )
                                    )
    **Plaintiff,**               )
                                    )
**v.**                              )   No. 21-2017-MSN-tmp
                                    )
**MMHI,**                           )
                                    )
    **Defendant.**               )
_____

**REPORT AND RECOMMENDATION**
_____

On January 6, 2021, plaintiff Michael K. Mattox, Sr. filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) Based on the below, it is recommended that the motion for leave to proceed *in forma pauperis* be denied.

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.[2] 28 U.S.C. § 1914(a).

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial

To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

This court has previously identified Mattox as a frequent filer of patently meritless lawsuits. <u>Mattox v. All Judges Under United States of America, Inc.</u>, 2:19-cv-02542-MSN-dkv, ECF No. 6, at 1-2 (W.D. Tenn. Oct. 11, 2019). Accordingly, District Judge Mark S. Norris entered an order placing pre-filing restrictions on Mattox. <u>Id.</u> at 2. Pursuant to that order, "Mattox shall pay the full civil filing fee before being allowed to commence any other lawsuit in this district." <u>Id.</u>

In light of the above, it is recommended that Mattox's motion for leave to proceed *in forma pauperis* be denied with prejudice and that, should the presiding district judge adopt

---

Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

this recommendation, Mattox be required to pay the full $402.00 civil filing fee within fourteen (14) days from that order. It is further recommended that, should Mattox fail to pay the filing fee within fourteen days, his complaint be dismissed without further notice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 19, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**